UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| ANTYWAN SAVELY, | ) |  |
|---|---|---|
| Petitioner, | ) |  |
| v. | ) | No. 4:22-CV-00046-JRG-SKL |
| WARDEN SHARON N. ROSE,[1] | ) |  |
| Respondent. | ) |  |

### MEMORANDUM OPINION

This is a prisoner's pro se petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. On September 28, 2022, the Court entered an order providing that Petitioner would have thirty days to pay the $5.00 filing fee or submit the documents necessary to proceed *in forma pauperis* [Doc. 7 at 1–2]. The Court also warned Petitioner that if he failed to timely comply with that order, the Court would dismiss this action [*Id.*]. Subsequently, on October 13, 2022, the Clerk docketed a notice of change of address from Petitioner [Doc. 8]. Accordingly, on October 19, 2022, the Clerk resent the Court's September 28, 2022, order and the appropriate *in forma pauperis* forms to Petitioner at his updated address.

However, more than thirty days have passed since the Clerk sent Petitioner the Court's September 28, 2022, order with the appropriate *in forma pauperis* forms to Petitioner at his updated address, and Petitioner has not complied with this order or otherwise communicated with the Court. Thus, for the reasons set forth below, this action will be **DISMISSED** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

---
[1] As the Court previously noted [Doc. 7 at 1 n.1], Sharon N. Rose is the Warden of Northwest Correctional Complex, *see* https://www.tn.gov/correction/sp/state-prison-list/northwest-correctional-complex.html (last visited Sept. 20, 2022), which is where Petitioner is confined [Doc. 1 at 1]. As such, she is the proper Respondent in this matter. Rule 2(a) of the Rules Governing 2254 Cases, and the Clerk will be **DIRECTED** to update the Court's docket to reflect this.

Rule 41(b) gives this Court the authority to dismiss a case "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b); *see also Rogers v. City of Warren*, 302 Fed. Appx. 371, 375 n.4 (6th Cir. 2008) ("Although Rule 41(b) does not expressly provide for a sua sponte dismissal (the rule actually provides for dismissal on defendant's motion), it is well-settled that the district court can enter a sue sponte order of dismissal under Rule 41(b)" (citing *Link v. Wabash R.R.*, 370 U.S. 626, 630 (1962)).

The Court examines four factors when considering dismissal under Fed. R. Civ. P. 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and
> (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005); *see Reg'l Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 155 (6th Cir. 1988).

As to the first factor, the Court finds that Petitioner's failure to comply with or otherwise respond to the Court's previous order is due to his willfulness and/or fault. Specifically, it appears that Petitioner received the order and chose not to comply or seek an extension of his time to comply. As to the second factor, the Court finds that Petitioner's failure to comply with the Court's order has not prejudiced Respondent. As to the third factor, the Court warned Petitioner that it would dismiss this case if he failed to comply with the Court's order [Doc. 7 at 1–2]. Finally, as to the fourth factor, the Court finds that it does not appear that alternative sanctions would be effective, as Petitioner has not complied with the Court's clear instructions regarding the filing fee. On balance, the Court finds that these factors support dismissal of this action under Rule 41(b).

The Court also notes that, "while *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Jourdan v. Jabe,* 951 F.2d 108, 109 (6th Cir. 1991). Nothing about Petitioner's pro se status prevented him from complying with the Court's instructions, and his pro se status does not mitigate the balancing of factors under Rule 41(b).

For the reasons set forth above, the Clerk will be **DIRECTED** to update the docket to reflect that Warden Sharon N. Rose is Respondent in this action, and this action will be **DISMISSED without prejudice** for want of prosecution pursuant to Rule 41(b). The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Fed. R. App. P. 24.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE
